UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARNAE TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV1686 RLW |
| ) | |
| ST. LOUIS HOUSING AUTHORITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 21). The motion is fully briefed and ready for disposition. Upon review of the pleadings, the Court finds that summary judgment in favor of Defendants is warranted.

## Background

Plaintiff participated in the federal Section 8 rental assistance program. (Compl. ¶ 26, ECF No. 1) Defendant St. Louis Housing Authority ("SLHA") paid Plaintiff's landlord $900 per month, and Plaintiff paid zero, for an apartment located in Florissant, Missouri. (*Id.* at ¶¶ 26-27) However, SLHA terminated Plaintiff's rental assistance on July 30, 2013, after Plaintiff stabbed her brother with a metal tool on May 22, 2013, allegedly in self-defense. (*Id.* at ¶¶ 27-28, 33) Plaintiff was arrested and charged with first degree assault and armed criminal action. (*Id.* at ¶34)

The SLHA issued a "Notice of Program Termination" to Plaintiff on May 31, 2013 and attached a copy of a newspaper article and a copy of the charge information printed from the Missouri court website "Case.net." (*Id.* at ¶¶35-36) Plaintiff requested an informal hearing, which was held on July 11, 2013. (*Id.* at ¶¶ 39-40) Plaintiff was represented by counsel during

the hearing. (*Id.* at ¶ 41) Plaintiff testified on her own behalf, claiming that she acted in self-defense and denying that she engaged in criminal activity. (*Id.* at ¶ 46) In addition, Plaintiff's mother corroborated Plaintiff's story, and Plaintiff introduced a copy of an Ex Parte Order of Protection she obtained against her brother in 2012. (*Id.* at ¶¶47-48) On July 17, 2013, the hearing officer affirmed the termination of Plaintiff's Section 8 Voucher assistance, finding sufficient evidence to support the termination. (*Id.* at ¶ 50) The hearing officer considered Plaintiff's testimony, which indicated that she and her brother had an altercation and that she called the police. During the police inquiry, Plaintiff and her brother continued to argue, and Plaintiff picked up a metal object and stabbed her brother. (Hearing Decision, Pl.'s Ex. B, ECF No. 1-2)

On August 27, 2013, Plaintiff filed a Complaint in federal court alleging a 42 U.S.C. § 1983 claim for alleged violation of her Fourteenth Amendment right to Due Process (Count I); violation of 42 U.S.C. § 1437(f) and 24 C.F.R. § 982.555(e)(6) for alleged deprivation of her right to a fair and impartial hearing with a decision based on a preponderance of the evidence (Count II); and violation of the Missouri Administrative Procedure Act, Mo. Rev. Stat. § 536.100, *et seq.* by terminating her Section 8 assistance without rendering the decision based on a preponderance of credible evidence (Count III). Defendant filed a motion for summary judgment on June 16, 2014, asserting that no genuine issue of material fact exists with regard to Plaintiff's Complaint because Plaintiff violated the Obligations of the Family thereby justifying the termination of Section 8 assistance. Plaintiff responds that self-defense is an absolute defense to Defendants' claims that she violated the Section 8 Voucher Program rules. She also asserts that Defendants violated her due process rights by relying on hearsay evidence to terminate her assistance.

2

## Legal Standards

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non- moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. Self-serving, conclusory statements, standing alone, are insufficient to defeat a well-

supported motion for summary judgment. *O'Bryan v. KTIV Television,* 64 F.3d 1188, 1191 (8th Cir. 1995).

## Discussion

Defendants argue that Plaintiff is unable to show that Defendants violated her constitutional right to due process, her rights to an informal hearing under Housing and Urban Development ("HUD") regulations, and her rights under the Missouri Administrative Act.[1] Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

In order to establish liability under 42 U.S.C. § 1983, Plaintiff "must [first] show she was deprived of a right 'secured by the Constitution and the laws' of the United States; second, she must also show that the defendants acted under color of state law." *Lind v. Midland Funding, L.L.C.,* 688 F.3d 402, 405 (8th Cir. 2012) (quoting *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)). Here, Plaintiff alleges that Defendants deprived her of her right to Due Process under the Fourteenth Amendment to the Constitution.[2] Although the Complaint does not specify whether Plaintiff's claim alleges a substantive or procedural due process claim, review of the pleadings indicates that Plaintiff's claim is for a procedural due process violation pertaining to the grievance hearing procedures. (Pl.'s Mem. in Opp'n p. 6, ECF No. 24)

"To establish a procedural due process violation, a plaintiff must demonstrate that [s]he has a protected property or liberty interest at stake and that [s]he was deprived of that interest

---

[1] In her memorandum in opposition to the motion for summary judgment, Plaintiff addresses the three counts collectively.
[2] Because this Court concludes that Plaintiff failed to establish the deprivation of a constitutional right, the Court need not address the under-color-of-state-law prong. *Lind,* 688 F.3d at 405.

4

without due process of law." *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999); *see also Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005). Due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *Goldberg v. Kelly,* 397 U.S. 254, 267 (1970) (citations and internal quotations omitted). In the context of termination of government benefits, "these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting [her] own arguments and evidence orally." *Id.* at 267-68.

Plaintiff claims that she was not allowed to confront adverse witnesses, and the Housing Authority erred in relying solely on hearsay evidence to affirm the termination of her Section 8 Voucher. Defendants respond that Plaintiff received due process in that she attended an informal hearing where she had the opportunity to, and in fact did, present evidence. Defendants contend that the SLHA section pertaining to the informal hearing does not mandate that SLHA present witnesses, only that the Plaintiff "may" question any witness called by the SLHA. Further, Defendant asserts that the hearing officer did not base her termination decision on hearsay evidence, as the documents submitted were probative and reliable, and both Plaintiff and her mother testified.

The Court finds that no genuine issue of material fact exists with regard to Plaintiff's due process claim such that summary judgment in favor of the Defendants is warranted. Under *Goldberg*, to comport with due process, the termination process employed by the housing authority must meet five requirements:

> (1) timely notice from the housing authority stating the basis for the proposed termination, (2) an opportunity by the tenant to confront and cross-examine each witness relied on by the housing authority, (3) the right of the tenant to be represented by counsel, (4) a decision, based solely on evidence adduced at the hearing, in which the reasons for the decision are set forth, and (5) an impartial decision maker.

5

*Clark v. Alexander*, 85 F.3d 146, 150 (4th Cir. 1996) (citing *Goldberg,* 397 U.S. at 266–71).

Plaintiff does not appear to dispute that, under *Goldberg* she received a proper termination hearing. Rather, her argument centers on the evidence presented at the hearing. Specifically, Plaintiff contends that Defendants erroneously relied on hearsay evidence to meet its burden of proof. Plaintiff argues that evidence of the arrest and pending charges is insufficient evidence to terminate her Section 8 Voucher assistance. Plaintiff also argues that she was not allowed to cross-examine witnesses as mandated by the regulations.

At the outset, the Court notes that "deference must be shown to the factfinding of local housing authorities." *Clark*, 85 F.3d at 151. This deference is not absolute, but it is significant. *Id.* "Accordingly, to insure compliance with federal law, the reviewing court must be satisfied that the hearing officer's conclusions are supported by substantial evidence." *Id.* at 152.

The St. Louis Housing Authority "has the burden of persuasion and must initially present sufficient evidence to establish a prima facie case" that Plaintiff engaged in violent criminal activity. *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008). Plaintiff concedes that the housing authority may use hearsay evidence to meet its burden of production. *Id.* Indeed, the regulations provide that "[e]vidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings." 24 C.F.R. § 982.555(e)(5). "'[H]earsay may constitute substantial evidence in administrative proceedings as long as factors that assure the underlying reliability and probative value of the evidence are present.'" *Basco,* 514 F.3d at 1182 (quoting *U.S. Pipe & Foundry Co. v. Webb*, 595 F.2d 264, 270 (5th Cir. 1979) (internal quotations omitted).

Here, Plaintiff first argues that evidence of Plaintiff's arrest and pending charges does not constitute sufficient evidence. The Court finds that, in this case, the hearsay evidence presented

6

by Defendants contained substantial indicia of reliability. The case law from other federal district courts upon which Plaintiff relies is inapposite. In *Young v. Maryville Hous. Auth.*, No. 3:09-CV-37, 2009 WL 2043891, at \*8-\*9 (E.D. Tenn. July 2, 2009), the court found that the hearing officer's sole reliance on a police report was insufficient to support the hearing officer's decision where the plaintiff disputed a number of the statements in the report. Likewise, in *Rivera v. Town of Huntington*, No. 12-CV-901 (DRH)(ARL), 2012 WL 1933767, at \*6-\*7 (E.D.N.Y. May 29, 2012), the court found that evidence of plaintiff's arrest and pending charges did not constitute substantial evidence that plaintiff possessed cocaine because the plaintiff never admitted to possessing cocaine, and nothing in the evidence indicated that the substance was in fact cocaine.

In the case at hand, Plaintiff does not dispute that she stabbed her brother.[3] In support of her decision to terminate Section 8 assistance, the hearing officer relied on the newspaper article, the felony charges for first degree assault and armed criminal action printed from Case.net, and Plaintiff's admission that she stabbed her brother and was subsequently arrested. (Hearing Decision, Pl.'s Ex. B, ECF No. 1-2) While Plaintiff asserts that she performed the act in self-

---

[3] Plaintiff presents no support for her assertion that merely claiming she acted in self-defense is "an absolute defense to Defendants' claims that she violated the Section 8 Voucher Program rules." (Pl.'s Mem. in Opp'n pp. 1-3, ECF No. 24) Plaintiff cites to the Missouri Revised Statutes pertaining to the use of force in self-defense. However, she does not cite to any relevant HUD regulation indicating that a self-defense claim precludes the Defendants from terminating her Section 8 Voucher assistance. Indeed, the regulations define violent criminal activity as "any criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause, serious bodily injury or property damage." 24 C.F.R. § 5.100. Plaintiff acknowledged that she stabbed her brother and injured him. (Compl. ¶ 33, ECF No. 1) Likewise, while she asserted self-defense at the hearing, the officer explicitly found that Plaintiff's actions constituted a violation of the family obligation to refrain from violent criminal activity. (Hearing Decision, Pl.'s Ex. B, ECF No. 1-2) Further, Defendants have the right and obligation to manage the Section 8 Voucher program independent of the state criminal justice system and need not wait until Plaintiff is convicted to initiate termination proceedings. *Young*, 2009 WL 2043891, at \*9.

defense, the Defendants were not required to wait until a conviction on the assault charges "before initiating the process to terminate a Section 8 program participant on the grounds of criminal activity." *Young,* 2009 WL 2043891, at *9. As noted by the *Young* court, the housing authority "has the right, and obligation, to administer its Section 8 program independently of the operation of the state or federal criminal justice system." *Id.* Indeed, the HUD regulations provide that "[t]he PHA may terminate assistance for criminal activity by a household member as authorized in this section if the PHA determines, based on a preponderance of the evidence, that the household member has engaged in the activity, regardless of whether the household member has been arrested or convicted for such activity." 24 C.F.R. § 982.553(c).

Here, although Plaintiff is still awaiting her state criminal trial, her testimony that she stabbed her brother corroborated both the newspaper article regarding the arrest and the pending charges found on Case.net. Thus, the Court finds that the hearing officer's decision terminating Plaintiff's Section 8 housing assistance is based on a preponderance of the evidence such that Defendants are entitled to summary judgment. *See Pickett v. Forest*, No. 4:11-cv-02445-RBH, 2013 WL 267627, at *7-*8 (D.S.C. Jan. 24, 2013) (granting summary judgment in favor of the housing authority where sufficient evidence supported the termination of plaintiff's Section 8 housing assistance based on police reports and the plaintiff's corroborating statements at the hearing); *see also* 24 C.F.R. § 982.555(e)(6) ("Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing.").

With regard to Plaintiff's claim that Defendants denied her right to cross-examine witnesses, the undersigned notes that Defendants did not present witness testimony at the hearing. While Plaintiff argues that the regulations mandate that she have the opportunity to

8

confront and cross-examine witnesses, the applicable regulation states, "[t]he PHA and the family must be given the opportunity to present evidence, and may question any witnesses." 24 C.F.R. § 982.555(e)(5). As correctly stated by the Defendants, the regulation does not obligate the housing authority to present witnesses. Because Defendants presented evidence that was probative and reliable that Plaintiff engaged in violent criminal activity, the absence of witnesses in this case did not violate Plaintiff's right to due process. Plaintiff does not dispute that she was given the opportunity to examine documents before the hearing or that she had the opportunity to present evidence at the hearing.[4] She presented her self-defense evidence, which the hearing officer carefully considered. Nonetheless, the hearing officer properly found the preponderance of the evidence consisted of Plaintiff's testimony and the evidence presented by the Defendants, and that evidence was sufficient to terminate Plaintiff's Section 8 assistance. (Hearing Decision, Pl.'s Ex. B, ECF No. 1-2) The Court finds that, based upon the facts of this case, Defendants did not violate Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment, under the regulation pertaining to informal hearings pursuant to 24 C.F.R. § 982.555, or under the Missouri Administrative Procedure Act, Mo. Rev. Stat. §§ 536.100 *et seq*. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's Complaint. *Pickett*, 2013 WL 267627, at *8.

---

[4] Plaintiff's reliance on *Taylor v. City of Decatur, Ala.*, No. CV-09-S-1279-NE, 2010 WL 8781926 (N.D. Ala. Dec. 2, 2010) is misplaced. In that case, the court found that the hearing officer erroneously relied on the case file and newspaper article to uphold the termination of benefits where there was "no indication that plaintiff had access to either of these items prior to the administrative hearing, or any notice that the file and newspaper article would be relied upon during the hearing." *Id.* at *9. The *Taylor* court explicitly limited hits holding to the facts before it, stating that it was "*not* holding that an informal hearing officer can never rely on hearsay evidence. The court's holding is simply that the procedures followed here, taken as a whole, were not sufficient to satisfy constitutional due process requirements." *Id.*

9

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED.** A separate Judgment will accompany this Memorandum and Order.

Dated this 3rd day of March, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**